*Filing fee paid: CK# 0192839 in the amount of $5.00

FILED

JAMES J. VILT, JR. - CLERK

DEC - 6 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|
| Name (under which you were convicted):<br>ELBERT PHILLIP LONG | Docket or Case No.:<br>4:24cv-132-JHM |
| Place of Confinement : Southeast State Correctional Complex, P.O. Box 1600, Wheelwright, Kentucky 41669 | Prisoner No.: |
| Petitioner (include the name under which you were convicted)<br>ELBERT PHILLIP LONG | Respondent (authorized person having custody of petitioner)<br>DAVID BRADLEY, Warden |
| | v. |
| The Attorney General of the State of: Kentucky | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Daviess Circuit Court
   Holbrook Judicial Center
   100 East Second Street
   P.O. Box 277, Owensboro, Kentucky 42302-0277

   (b) Criminal docket or case number (if you know): 76-CR-18196

2. (a) Date of the judgment of conviction (if you know): August 10, 2022

   (b) Date of sentencing: August 10, 2022

3. Length of sentence: Life

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes .  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Guilty Under Instruction No. I (Life) Imprisonment Guilty Under
   Instruction IV Rape In First Degree- 5 Yrs Imprisonment (At
   Resentencing Murder, Criminal Attempt To Commit First Degree
   Rape)

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty       ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty           ☐ (4)  Insanity plea

AO 241 (Rev. 09 17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Kentucky Court Of Appeals

(b) Docket or case number (if you know):    2022-CA-1078-MR

(c) Result:    Affirmed

(d) Date of result (if you know):    September 29, 2023

(e) Citation to the case (if you know):    2023 Ky App Unpub LEXIS 569

(f) Grounds raised:

See Attached

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    Kentucky Supreme Court

(2) Docket or case number (if you know):    2023-SC-0474-D

(3) Result:    Discretionary Denied

(f) Grounds Raised:

**ARGUMENT I**

> **THE PETITIONER HAS BEEN DENIED THE RIGHT TO APPEAL UNDER SECTION §115, OF THE COMMONWEALTH OF KENTUCKY ONSTITUTION, AND ARTICLE III, OF THE UNITED STATES CONSTITUTION**

**ARGUMENT II**

> **THIS COURT DENIED THE PETITIONER DUE PROCESS OF LAW IN ALLOWING THE DEPARTMENT OF PUBLIC ADVOICACY TO WITHDRAW FROM THIS APPEAL AS OBJECTIONS WERE PROPERLY AND TIMELY MADE**

**ARGUMENT III**

> **THE DAVIESS CIRCUIT COURT HAS ATTEMPTED TO SUPPRESS COURT RECORDS FROM JJUDICIAL REVIEW, TO INCLUDE THE ILLEGAL AND UNCONSTITUTIONAL ALTERATION OF THE TRIAL JURY'S VERDICT ORIGINALLY MADE BY THE TRIAL JURY AND ACCEPTED BY THE COURT AND THEN ALTERED BY THE ORIGINAL TRIAL JUDGE**

**ARGUMENT  IV**

> **THE PETITIONER HAS BEEN DENIED DUE PROCESS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS A RESULT OF THE COURT FAILING TO ANSWER OR ADDRESS "WHO" IS RESPONSIBLE FOR THE IMPOSITION OF AN ILLEGAL SENTENCE- THE COURT THAT IMPOSED IT, OR THE EXECUTIVE BRANCH WHO EXECUTED AN ILLEGAL SENTENCE IMPOSED BY THE COURT**

**ARGUMENT V**

> **THE JUDGMENT IMPOSED IS NOT CONSISTENT WITH THE VERDECT THAT WAS RETURNED BY THE ORIGINAL TRIAL JURY IN THIS MATTER IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION**

**ARGUMENT VI**

> **THE PETITIONER HAS "SERVED" FORTY-SIX (46) YEARS ON AN IMPOSED FIVE (5) YEAR SENTENCE IN VIOLATION OF SECTIONS §2,§11,§13,§14,§15,§17,§19,§26,§27, AND §28, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION; AND ARTICLE III, AND THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION**

**ARGUMENT VII:**

      **THE SEX OFFENDER STATUTE HAS BEEN APPLIED ILLEGALLY TO THE PETITIONER'S IMPOSED FIVE (5) YEAR SENTENCE IN VIOLATION OF SECTIONS §2, AND §19, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION; AND ARTICLE I, SECTION 9, OF THE UNITED STATES CONSTITUTION**

AO 241 (Rev. 09/17)

(4) Date of result (if you know):  October 16, 2024

(5) Citation to the case (if you know):  2024 Ky LEXIS 323

(6) Grounds raised:

See Attached

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):  N/A

(2) Result:  N/A

(3) Date of result (if you know):  N/A

(4) Citation to the case (if you know):  N/A

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☒ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:  N/A

(2) Docket or case number (if you know):  N/A

(3) Date of filing (if you know):  N/A

(4) Nature of the proceeding:  N/A

(5) Grounds raised:  N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☐ Yes  ☒ No

(7) Result:

## QUESTIONS PRESENTED

I.    WHETHER OR NOT THE COURT OF APPEALS IGNORED THE UNITED STATES SUPREME COURT'S DECISION IN MAGWOOD V PATTERSON, 561 U. S. 320, 130 S. Ct. 2788 (2010)

II.   WHETHER OR NOT THE MOVANT WAS DENIED THE RIGHT TO APPEAL UNDER SECTION §115, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION, AND ARTICLE III, OF THE UNITED STATES CONSTITUTION

III.  WHETHER OR NOT THE KENTUCKY COURT OF APPEALS DENIED THE MOVANT DUE PROCESS OF LAW IN ALLOWING THE DEPARTMENT OF PUBLIC ADVOCACY TO WITHDRAW FROM THIS APPEAL AS OBJECTIONS WERE PROPERLY AND TIMELY FILED

IV.   WHETHER OR NOT THE DAVIESS CIRCUIT COURT HAS ATTEMPTED TO SUPPRESS COURT RECORDS FROM JUDICIAL REVIEW, TO INCLUDE THE ILLEGAL AND UNCONSTITUTIONAL ALTERATION OF THE TRIAL JURY'S VERDICT ORIGINALLY MADE BY THE TRIAL JURY AND ACCEPTED BY THE COURT AND THEN ALTERED BY THE ORIGINAL TRIAL JUDGE

V.    WHETHER OR NOT THE MOVANT HAS BEEN DENIED DUE PROCESS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS A RESULT OF THE COURT OFAPPEALS FAILING TO ANSWER OR ADDRESS 'WHO' IS RESPONSIBLE FOR THE IMPOSITION OF ANILLEGAL SENTENCE THE COURT THAT IMPOSED IT, OR THE EXECUTIVE BRANCH WHO EXECUTED AN ILLEGAL SENTENCE IMPOSED BY THE COURT

VI.   WHETHER OR NOT THE JUDGMENT IMPOSED IS NOT CONSISTENT WITH THE VERDICT THAT WAS RETURNED BY THE ORIGINAL TRIAL JURY IN THIS MATTER IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION

VII.  WHETHER OR NOT THE MOVANT HAS "SERVED" FORTY-SIX (46) YEARS ON AN IMPOSWD FIVE (5) YEAR SENTENCE IN VIOLATION OF SECTIONS §2,§11,§13,§14,§15,§17,§19,§26,§27, AND §28, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION; AND ARTICLE III, AND THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION

VIII. WHETHER OR NOT THE SEX OFFENDER STATUTE HAS BEEN APPLIED ILLEGALLY TO THE MOVANT'S IMPOSED FIVE (5) YEAR SENTENCE IN VIOLATION OF SECTIONS §2, AND §19, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION; AND ARTICLE I, SECTION 9, OF THE UNITED STATES CONSTITUTION

AO 241 (Rev. 09/17)

(8) Date of result (if you know):    N/A

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   N/A

(2) Docket or case number (if you know):    N/A

(3) Date of filing (if you know):    N/A

(4) Nature of the proceeding:    N/A

(5) Grounds raised:   N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:  N/A

(8) Date of result (if you know):    N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:   N/A

(2) Docket or case number (if you know):    N/A

(3) Date of filing (if you know):   N/A

(4) Nature of the proceeding:    N/A

(5) Grounds raised:   N/A

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes   ☒ No

(7) Result:   N/A

(8) Date of result (if you know):   N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ❏ Yes   ☒ No

(2) Second petition:   ❏ Yes   ☒ No

(3) Third petition:   ❏ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**
See Attached

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State Appellate Courts refused to consider the United States Supreme Court Precedent in Magwood v. Patterson, 130 S.Ct. 2788, as this was an Appeal from Resentencing where an erroneous Sentence had been corrected after years of fraudulent statements being put before the Court that the Sentence had been corrected, when it had not. Creating a misrepresentation of Kentucky Sentencing Statutes, and enhancing the penalty on an expired criminal sentence.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Was Raised in Argument I in Discretionary Review

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     X☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
It was raised in the Motion For Discretionary Review filed before the Kentucky Supreme Court, and directly affected the Appeal that had been filed before the Court of Appeals Decision.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X☐ Yes     X☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     N/A

Name and location of the court where the motion or petition was filed:     N/A

Docket or case number (if you know):  N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☐ Yes     ☒X No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☐ Yes     X☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):          N/A

Date of the court's decision:  N/A

Result (attach a copy of the court's opinion or order, if available):          N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
It was mentioned in a Motion To Address Errors Regarding Sentencing Procedures before Re-Sentencing. But was raised in Discretionary Review

**GROUND ONE: THE KENTUCKY COURT OF APPEALS IGNORED THE UNITED STATES SUPREME COURT'S DECISION IN <u>MAGWOOD V PATTERSON</u>, 561 U. S. 320, 130 S. Ct. 2788 (2010)**

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

<u>After **years of attempting to have the Petitioner's Sentence corrected**, the Kentucky Court of Appeals finally corrected an illegal sentence entered without lawful jurisdiction. One in which the Commonwealth, and their authorized agents, repeatedly gave false and fraudulent statements that the Sentence had been corrected. Petitioner tendered a "Motion To Address Errors Regarding Sentencing Procedures Before Re-sentencing" specifically attacking the Trial Jury's Verdict, and suppression of the Original Trial Transcript from Judicial Review. The Sentence was corrected, and a new Judgment was imposed that is inconsistent with the Trial Jury's Original Verdict.                           </u>

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A was raised in Direct Appeal from Re-Sentencing

(c) **Direct Appeal Of Ground One:**

> (1) If you appealed from the judgment of conviction did you raise this issu**e?    Yes**

> (2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

> (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  No

> (2) If your answer to Question  (d)(1) is "Yes" state:

> Type of Motion Or petition: N/A

> Name and location of the court where the motion or petition was files: N/A

> Docket or case number (if you know): N/A

> Date of court's decision: N/A

> Result (attach a copy of the court's opinion or order, if available): N/A

> (3) Did you receive a hearing on your motion or petition? No

> (4) Did you appeal from the denial of your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes", state:

Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

Docket or case number (if you know): **2022-CA-1078-MR**

Date of the court's decision: September 29, 2023

Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue: Was raised in Direct Appeal from Re-Sentencing

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground One:

Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,

## GROUND TWO: THE PETITIONER WAS DENIED THE RIGHT TO APPEAL UNDER
### SECTION §115, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION, AND ARTICLE III, OFTHE UNITED STATES CONSTITUTION

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

The State Appellate Courts were denied the full Record On Appeal, to include the first six (6) years of this case, for Judicial Review. This included the Original Trial Transcript, which reflects that the Original Trial Judge "Altered the Trial Jury's Original Verdict" to impose an illegal Sentence. The "only evidence presented in State Court Proceedings" reflects that the Trial Jury's Verdict has been altered to impose the Sentence imposed.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal Of Ground Two:**

(1) If you appealed from the judgment of conviction did you raise this issue?    Yes

(2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? <u>No on Direct Appeal from Re-Sentencing</u>

(2) If your answer to Question  (d)(1) is "Yes" state: N/A

Type of Motion Or petition: N/A

Name and location of the court where the motion or petition was files: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? No

(4) Did you appeal from the denial of your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes", state:

Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

Docket or case number (if you know): **2022-CA-1078-MR**

Date of the court's decision: September 29, 2023

Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue:

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Two:

<u>Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,</u>


**GROUND THREE: THE DAVIESS CIRCUIT COURT HAS  ATTEMPTED TO SUPPRESS COURT RECORDS FROM JUDICIAL REVIEW, TO INCLUDE THE ILLEGAL AND UNCONSTITUTIONAL ALTERATION OF THE TRIAL JURY'S VERDICT ORIGINALLY MADE BY THE TRIAL JURY AND ACCEPTED BY THE COURT AND THEN ALTERED BY THE ORIGINAL TRIAL JUDGE**

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

The Petitioner's Sentence has been corrected and now evidence  exists and reflects that the Commonwealth has for years provided false and fraudulent statements that the sentence was corrected when it was not. Now the Commonwealth has suppressed the original Trial Transcript from Judicial Review to address the altered Verdict that has occurred in this matter.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Raised On Direct Appeal from Re-Sentencing

(c) **Direct Appeal Of Ground Three:**

(1) If you appealed from the judgment of conviction did you raise this issu**e?    Yes**

(2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? No, on Direct Appeal from Re-Sentencing

(2) If your answer to Question  (d)(1) is "Yes" state:

Type of Motion Or petition: N/A

Name and location of the court where the motion or petition was files: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? No

(4) Did you appeal from the denial of your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes", state:

Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

Docket or case number (if you know): **2022-CA-1078-MR**

Date of the court's decision: September 29, 2023

Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue:

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Three:

Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,

**GROUND FOUR: THE PETITIONER HAS BEEN DENIED DUE PROCESS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS A RESULT OF THE COURT OF APPEALS FAILING TO ANSWER OR ADDRESS "WHO" IS RESPONSIBLE FOR THE IMPOSITION OF AN ILLEGAL SENTENCE-THE COURT THAT IMPOSED IT, OR THE EXECUTIVE BRANCH WHO EXECUTED AN ILLEGAL SENTENCE IMPOSED BY THE COURT**

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

The Court of Appeals failed and refused to address the merits of this issue. In essence, this is an issue of first impression. "Who" is responsible for the execution of an illegal sentence. The Court that imposed the illegal Sentence. Or the Executive Branch who knowingly executes an illegal Sentence, and intentionally chooses to misinterpret, and give the Courts a false and fraudulent interpretation of Sentencing Statutes to keep an illegal sentence in play.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Raised on Direct Appeal from Re-Sentencing

(c) **Direct Appeal Of Ground Four:**

(1) If you appealed from the judgment of conviction did you raise this issue?    Yes

(2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Raised on Direct Appeal from Re-Sentencing

(2) If your answer to Question (d)(1) is "Yes" state:

Type of Motion Or petition: N/A

Name and location of the court where the motion or petition was files: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? No

(4) Did you appeal from the denial of your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes", state:

Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

Docket or case number (if you know): **2022-CA-1078-MR**

Date of the court's decision: September 29, 2023

Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue: N/A

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Four:

Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,

**GROUND FIVE: THE JUDGMENT IMPOSED IS NOT CONSISTENT WITH THE VERDICT THAT WAS RETURNED BY THE ORIGINAL TRIAL JURY IN THIS MATTER IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION**

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

The Petitioner was Sentenced to Life for Murder, and five (5) years to run Concurrently for the Offenses of Murder, and Criminal Attempt To Commit First Degree Rape, That was not the Verdict that was returned by the Trial Jury (Guilty Under Instruction No. I (Life) Imprisonment Guilty Under Instruction IV- Rape In First Dehree- 5 Yrs Imprisonment). At Re-sentencing, the Petitioner was again Sentenced to Life for Murder, and five (5) year for Criminal Attempt To Commit First Degree Rape.

Offenses never returned by the Trial Jury. There is no showing in the Record as to how these Offenses were changed and altered from the Trial Jury's Verdict. Instruction No. I fails to state an Offense. The "Original Trial Transcript" has been suppress from Judicial Review by the Trial Couurt, to show how the Trial Jury;'s Verdict was altered. _____

(b) If you did not exhaust your state remedies on Ground Five, explain why: N/A

(c) **Direct Appeal Of Ground Five:**

       (1) If you appealed from the judgment of conviction did you raise this issu**e?     Yes**

       (2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes

   (2) If your answer to Question  (d)(1) is "Yes" state:

   Type of Motion Or petition: Motion To Address Errors Regarding Sentencing Procedures
                         Before Re-sentencing

   Name and location of the court where the motion or petition was files: Daviess Circuit Court, Owensboro, Kentucky 42302

   Docket or case number (if you know): 76-CR-18196

   Date of court's decision: August 10, 2022

   Result (attach a copy of the court's opinion or order, if available): Motion Denied

   (3) Did you receive a hearing on your motion or petition? No

   (4) Did you appeal from the denial of your motion or petition? Yes

   (5) If your answer to Question (d)(4) is "Yes", state:

   Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

   Docket or case number (if you know): **2022-CA-1078-MR**

   Date of the court's decision: September 29, 2023

   Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue: N/A

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Five:

Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,


**GROUND SIX: THE PETITIONER HAS "SERVED" FORTY-SIX (46) YEARS ON AN IMPOSED FIVE (5) YEAR SENTENCE IN VIOLATION OF SECTIONS §2,§11,§13,§14,§15,§17,§19,§26,§27, AND §28, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION; AND ARTICLE III, AND THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION**

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

In the Execution of the illegal Sentence that was imposed, the Commonwealth, Kentucky Department Of Corrections, and the Commonwealth of Kentucky Parole Board **AGGREGATED** and enhanced the five (5) year sentence into Life. (See Attached Documents) Enhancing the Sentence to over foirty-six years incarceration. The Respondents have intentionally misstated the Statutes, and Sentencing Precedent to **"AGGREGATED"** an illegal sentence, and stop the correction of an illegal sentence in violation of **KRS**. 13a.130. The Respondent has intentionally misstated Statute to enhance, and keep an illegal sentecne in play. Misstating material facts and issues to stop he illegal sentecne from being corrected.

(b) If you did not exhaust your state remedies on Ground Six, explain why: N/A

(c) **Direct Appeal Of Ground Six:**

(1) If you appealed from the judgment of conviction did you raise this issue?   **YES**

(2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes

(2) If your answer to Question  (d)(1) is "Yes" state:

Type of Motion Or petition: Motion To Address Errors Regarding Sentencing Procedures Before Re-sentencing

Name and location of the court where the motion or petition was files: Daviess Circuit Court, Owensboro, Kentucky 42302

Docket or case number (if you know): 76-CR-18196

Date of court's decision: August 10, 2022

Result (attach a copy of the court's opinion or order, if available): Motion Denied

(3) Did you receive a hearing on your motion or petition? No

(4) Did you appeal from the denial of your motion or petition? Yes

(5) If your answer to Question (d)(4) is "Yes", state:

Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

Docket or case number (if you know): **2022-CA-1078-MR**

Date of the court's decision: September 29, 2023

Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue: N/A

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Five:

Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,

**GROUND SEVEN: THE SEX OFFENDER STATUTE HAS BEEN APPLIED ILLEGALLY TO THE     PETITIONER'S IMPOSED FIVE (5) YEAR SENTENCE IN VIOLATION OF SECTIONS §2, AND §19, OF THE COMMONWEALTH OF KENTUCKY CONSTITUTION; AND ARTICLE I, SECTION 9, OF THE UNITED STATES CONSTITUTION**

(a) Supporting Facts (Do not argue or cite law. Just state the specific facts that support you claim:

    The Parole Board **never Ordered Sex Offender Counseling as a Condition of Parole Supervision** at the time of Parole Release. That Condition was improperly added to the Petitioner   by the Petitioner's "third Parole Officer" a year after Parole Release, and after all Conditions of

Supervision had been met. Petitioner had been required to secure Student Aide Loans to meet Conditions of Supervision- adding "Restitution" to the Petitioner's Sentence, including an expired Sentence. The Conditions were improperly changed, without the prior approval of the Releasing Authority. Not until Revocation of Paorle, did the Parole Board say anything about Sex Offender Counseling, or Order Sex Offender Counseling; reflecting the Respondents; fraudulent excuse for Revocation of Parole, and intentional misstatement of Material Facts.

(b) If you did not exhaust your state remedies on Ground Seven, explain why: N/A

(c) **Direct Appeal Of Ground Seven:**

      (1) If you appealed from the judgment of conviction did you raise this issu**e?    YES**

      (2) If you did not raise this issue in your direct appeal explain why: N/A

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes

    (2) If your answer to Question  (d)(1) is "Yes" state: N/A

    Type of Motion Or petition: Motion To Address Errors Regarding Sentencing Procedures
                         Before Re-sentencing

    Name and location of the court where the motion or petition was files: Daviess Circuit Court, Owensboro, Kentucky 42302

    Docket or case number (if you know): 76-CR-18196

    Date of court's decision: August 10, 2022

    Result (attach a copy of the court's opinion or order, if available): Motion Denied

    (3) Did you receive a hearing on your motion or petition? No

    (4) Did you appeal from the denial of your motion or petition? Yes

    (5) If your answer to Question (d)(4) is "Yes", state:

    Name and Location of the court where the appeal was filed: Kentucky Court Of Appeals

    Docket or case number (if you know): **2022-CA-1078-MR**

Date of the court's decision: September 29, 2023

Result (attach a copy of the court's opinion, if available): Appeal Denied

(7) If your answer to Question (d)(4) of Question (d)(5) is "No," explain why you did not raise this issue: N/A

(c) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc) that you have used to exhaust your state remedies on Ground Five:

Motion For Discretionary Review before the Kentucky Supreme Court. Motion Denied October 16, 2924,

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No, all were raised in Discretionary Review

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

None since Re-Sentencing

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:    None

(a) At preliminary hearing:  None

(b) At arraignment and plea:    None

(c) At trial:    Elbert Long, pro se

(d) At sentencing:    elbert Long, pro se

(e) On appeal:   Department Of Public Advocacy who withdrew, Elbert Long, pro se

(f) In any post-conviction proceeding:    None

(g) On appeal from any ruling against you in a post-conviction proceeding:  Elbert Long, pro s

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:    N/A

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☒ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Has been pending Appeal before the Kentucky Court of Appeals, and Discretionary Review before the Kentucky Supreme Court

AO 241 (Rev. 09/17)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

```
Grant Habeas Corpus with immediate release; Conditional Writ
Of Habeas Corpus with Commonwealth Ordered to produce Trial
Transcript; appointment of Counsel, Counsel supplement Pleadings;
Evidentiary Hearing on issues raised and presented.
```

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____11, 26, 21_____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# UNITED STATES POSTAL SERVICE ®

# PRIORITY MAIL ®

expected delivery date specified for domestic use.

® included for domestic and many international destinations.

ational insurance. **

internationally, a customs declaration form is required.

cover certain items. For details regarding claims exclusions see the
ail at http://pe.usps.com.
Mail Manual at http://pe.usps.com for availability and limitations of coverage.

shipments include up to $50 of insurance (restrictions apply).*

PLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

RATE ENVELOPE
ANY WEIGHT

KED ■ INSURED

To schedule free Package Pickup,
scan the QR code.





FROM:
**UNITED STATES POSTAL SERVICE ®**

www.pitneybowes.com

**P**

US POSTAGE
PAID mi
12/02/2024
From 41669

Zone 3

**Pitney Bowes**
CommPrice
Flat Rate Envelope

028W0002301049

2000126842

Expected Delivery Date: 12/04/2024

# USPS PRIORITY MAIL®

Southeast State Correctional Complex
PO Box 1600
Wheelwright KY 41669-1600

COURT CLERK
WESTERN DISTRICT OF KY
423 FREDERICA ST, STE 126
OWENSBORO KY 42301-3013



C071

0003

USPS TRACKING #

roperty of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
y be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

UNITED STATES POSTAL SERVICE®

PRIORITY® | MAIL

VISIT US AT USPS.CO
ORDER FREE SUPPLIES ONL

Elbert Long )77478 2-A-106B
Southeast State Correctional Complex
P.O. Box 1500
Wheelwright, Kentucky 41559

Court Clerk
United States District Court
  Western District Of Kentucky
  Room 125, Federal Building
  423 Frderica Street
  Owensboro, Kentucky 42301-3013

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

TRACKED ■ INSURED



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2